UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA ELYAS,

        Plaintiff,                                     Hon. Janet T. Neff

v.                                                      Case No. 1:21-cv-840

EDWARD ANDREW JOHNSTON, et al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding without benefit of counsel, initiated this action on September 28, 2021, against Auto Owners Insurance, Progressive Michigan Insurance Company, Edward Andrew Johnston, and four additional individuals. (ECF No. 1). Presently before the Court are: Defendant Progressive's Motion for More Definite Statement (ECF No. 5); Defendant Auto Owners' Motion to Dismiss (ECF No. 8); Defendant Johnston's Motion to Dismiss (ECF No. 20); and Defendant Progressive's Motion to Dismiss (ECF No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Progressive's Motion for More Definite Statement be denied without prejudice and Defendants' motions to dismiss be granted. The undersigned further recommends that Plaintiff's claims against the remaining four individual defendants be dismissed for the reasons articulated herein and this matter terminated.

## BACKGROUND

While certain aspects of Plaintiff's complaint and other pleadings are difficult to discern, the following can be gleaned therefrom. Several years ago, Plaintiff was involved in a motor vehicle accident that left her disabled and unable to work. Plaintiff subsequently initiated legal action in state court, but this action was ultimately dismissed on January 10, 2018. Plaintiff initiated the present action requesting that this Court "reopen" her case. (ECF No. 1, PageID.6-7).

Plaintiff initiated the present action against Auto Owners Insurance, Progressive Michigan Insurance Company, Edward Andrew Johnston, and four additional individuals with respect to which service has not been effected. Defendant Progressive initially moved the Court to require Plaintiff to provide a more definite statement regarding her claims and allegations. (ECF No. 5). Defendants Progressive, Auto Owners, and Johnston, however, all subsequently moved instead to dismiss Plaintiff's complaint on the ground that this Court lacks jurisdiction over this matter. Plaintiff has responded to Defendants' motions.

## ANALYSIS

A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The jurisdiction of the federal district courts is limited only to matters expressly authorized by the Constitution or other federal law. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). It is presumed that "a

claim lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Ibid.* Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). To survive a Rule 12(b)(1) challenge, Plaintiff must establish that the Court has subject matter jurisdiction over her claims. *See, e.g., Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015).

To sufficiently allege jurisdiction, Plaintiff's complaint must contain "facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outkumpu Oyj,* 673 F.3d 430, 440 (6th Cir.2012). Because Defendants are challenging the sufficiency of Plaintiff's allegations, rather than the accuracy of such, the allegations in Plaintiff's complaint "must be taken as true" and assessed to determine whether such demonstrate that jurisdiction is proper in this Court. *See Carrier Corp.,* 673 F.3d at 440 (distinguishing between facial and factual challenges to a court's subject matter jurisdiction).

    A.    Diversity Jurisdiction

Subject matter jurisdiction may be based on diversity of citizenship. As this action does not involve citizens or subjects of a foreign state, diversity is established only if the parties are "citizens of different states" and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Plaintiff's complaint does not allege any amount in controversy. Plaintiff likewise fails to allege or identify the citizenship of any of the defendants. The undersigned concludes, therefore, that the Court cannot exercise

diversity jurisdiction over Plaintiff's claims.

  B.  Federal Question Jurisdiction

  The Court may also hear this matter if Plaintiff has alleged a federal question. *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Under § 1331, federal courts have jurisdiction where a well-pleaded complaint shows that "federal law creates the cause of action" or in situations where the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 473 U.S. 1, 27–28 (1983).

  Plaintiff initiated this action seeking to "reopen" a lawsuit that was filed in state court and ultimately dismissed by that court. As the Supreme Court has long recognized, however, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts"). Because Plaintiff's complaint fails to demonstrate that federal law creates her cause of action or that Plaintiff's right to relief otherwise implicates federal law, the undersigned finds this Court cannot exercise federal question jurisdiction in this matter.

C. Unserved Defendants

Plaintiff also initiated the present action against the following individuals: Shane Sherman, Marilyn Moss, Shania Farquhar, and Chad Farquhar. Because Plaintiff has failed to effect service on these individuals, they are not yet participating in this matter. The Court, however, can address issues regarding subject matter jurisdiction *sua sponte*. *See, e.g., Zareck v. Corrections Corporation of America*, 809 Fed. Appx. 303, 305 (6th Cir., Apr. 14, 2020).

The analysis above applies with equal force to Plaintiff's purported claims against these defendants. Accordingly, for the reasons articulated above, the undersigned recommends that Plaintiff's claims against Defendants Shane Sherman, Marilyn Moss, Shania Farquhar, and Chad Farquhar be dismissed on the ground that the Court lacks subject matter jurisdiction over such. *See Zareck*, 809 Fed. Appx. at 305 (a court may sua sponte dismiss a complaint, on jurisdictional grounds, where there exists "no room for the inference" that jurisdiction can properly be exercised).

## **CONCLUSION**

As discussed herein, Plaintiff has failed to allege facts sufficient to establish that this Court may properly exercise subject matter jurisdiction in this matter. Accordingly, the undersigned recommends that Defendant Auto Owners' Motion to Dismiss (ECF No. 8) be granted; Defendant Johnston's Motion to Dismiss (ECF No. 20) be granted; and Defendant Progressive's Motion to Dismiss (ECF No. 25) be granted. The undersigned further recommends that Plaintiff's claims against Defendants Shane

Sherman, Marilyn Moss, Shania Farquhar, and Chad Farquhar be dismissed on the ground that the Court lacks subject matter jurisdiction over the claims asserted against them. Finally, the undersigned recommends that Defendant Progressive's Motion for More Definite Statement (ECF No. 5) be dismissed without prejudice and this matter terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 15, 2022        /s/ Phillip J. Green
                            PHILLIP J. GREEN
                            United States Magistrate Judge